

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| CRAIG CARPENITO<br>*United States Attorney*<br><br>R. DAVID WALK, JR.<br>*Assistant United States Attorney* | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   856.757.5164<br>*401 Market Street, 4th Floor*                                    Fax 856.968.4917<br>*Post Office Box 2098*<br>*Camden New Jersey 08101-2098* |

May 1, 2020

Charles B. McKenna, Esquire
Riker Danzig Scherer Hyland & Perretti LLP
One Speedwell Avenue
Morristown, NJ 07962-1981

   Re: <u>Plea Agreement with William Hickman</u>

Dear Mr. McKenna:

   This letter sets forth the plea agreement between your client, William Hickman, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on May 14, 2020, if it is not accepted in writing by that date.

Charge

   Conditioned on the understandings specified below, this Office will accept a guilty plea from William Hickman to Count 1 and Count 28 of the Indictment in Crim. No. 19-191 (RBK), which charges him in Count 1 with knowingly and willfully conspiring to commit wire fraud and health care fraud, contrary to Title 18, United States Code, Sections 1343 and 1347, in violation of Title 18, United States Code, Section 1349, and charges him in Count 28 with knowingly conspiring to engage in monetary transactions in criminal derived property of a value greater than $10,000 and derived from specified unlawful activity, contrary to Title 18, United States Code, Section 1957, and in violation of Title 18, United States Code, Section 1956. If William Hickman enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against William Hickman for the unlawful obtaining and filling of compounded prescriptions during the time period from July 2014 through April 2016 and for engaging in monetary transactions with property derived from that unlawful activity. In addition, if William Hickman fully complies with all of the terms of this agreement, at the time of sentencing in

this matter, this Office will move to dismiss Counts 2-27, 29-36, and 39-48 of the Indictment, Crim. No. 19-191 (RBK). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, William Hickman agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by William Hickman may be commenced against him, notwithstanding the expiration of the limitations period after William Hickman signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 in Count 1 of the Indictment, to which William Hickman agrees to plead guilty, carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 1956 in Count 28 of the Indictment, to which William Hickman agrees to plead guilty, carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense, or (4) twice the amount of the criminally derived property involved in the transaction. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon William Hickman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence William Hickman ultimately will receive.

Further, in addition to imposing any other penalty on William Hickman, the sentencing judge (1) will order William Hickman to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order William Hickman to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order William Hickman,

pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 982(a)(1); and (5) pursuant to 18 U.S.C. § 3583, may require William Hickman to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed.  Should William Hickman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, William Hickman may be sentenced to not more than two (2) years' imprisonment per count, which may run consecutive, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

In addition, William Hickman agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offenses.  The calculation of the losses resulting from the offenses of conviction is ongoing; however, the parties agree that the loss figure is at least $53,037,639.20.

Forfeiture

As part of his acceptance of responsibility, William Hickman agrees to forfeit to the United States of America:

(a) As to Count 1, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, that constitutes or is derived from proceeds William Hickman obtained that is traceable to the conspiracy to commit wire fraud charged in Count 1 of the Indictment, which William Hickman agrees was approximately $26,241,326.93; and pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, William Hickman obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the conspiracy to commit federal health care fraud charged in Count 1 of the Indictment; and all property traceable to such property, which William Hickman agrees was approximately $26,241,326.93; and

(b) As to Count 28, pursuant to 18 U.S.C. § 982(a), all property, real or personal, involved in the money laundering conspiracy offense charged in Count 28 of the Indictment, and all property traceable to such property, which William Hickman agrees was approximately $26,241,326.93.

William Hickman further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $26,241,326.93 (the "Money Judgment"). William Hickman consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Department of Treasury, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

William Hickman further agrees to forfeit, individually and on behalf of his minor children, all right, title, and interest in the property listed on the attached Schedule B, which William Hickman admits has the requisite nexus to the offenses charged in Counts 1 and 28 of the Indictment and is therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 982(a)(1) (the "Specific Property"). Any forfeited money and the net proceeds from the disposition of the Specific Property will be applied to the Money Judgment, in partial satisfaction thereof.

William Hickman further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (a)(1)(A). William Hickman agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent William Hickman has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. William Hickman further agrees to take all necessary steps to pass clear title to the Specific Property to the United

States, including, but not limited to, the surrender of such property to the U.S. Department of Treasury and the execution of all necessary documentation.

William Hickman further understands and agrees that his agreement to forfeit and relinquish his interest in the Specific Property includes his agreement on behalf of his minor children to forfeit and relinquish any interest his minor children may have in the Specific Property.

William Hickman hereby consents to the entry of preliminary orders of forfeiture and orders for the interlocutory sale of the Specific Property pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure and/or Supplemental Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, as the United States Attorney's Office may request.  It is further agreed and understood that the Post-Indictment Restraining Order signed March 13, 2019 by the Honorable Robert L. Kugler ("the Restraining Order") shall remain in full force and effect until the forfeitable property is released to effect its sale or liquidation.  William Hickman agrees that he will remain responsible for the prompt payment of property taxes, insurance premiums, and other obligations of any real property listed in Schedule B and that he is otherwise responsible for the maintenance of those real properties pending their sale.

William Hickman waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.  It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

William Hickman further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office.  If William Hickman fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that William Hickman has intentionally failed to disclose assets on his Financial Disclosure Statement, William Hickman agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or

stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief, including the forfeiture of property not listed on Schedule B hereto.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, provided that at the conclusion of the case the Office believes that this case meets the criteria for restoration or remission under the applicable Department of Justice regulations and policies. It is further understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

If William Hickman enters a plea of guilty to Count 1 and Count 28 of the Indictment in Crim. No. 19-191 (RBK) and otherwise has fully complied with all of the terms of this agreement as of the date of his guilty plea, including but not limited to consenting to the entry of the Consent Judgment and Order of Forfeiture and Stipulation and Orders of Interlocutory Sale of Specific Property, and if Sara Hickman agrees to and signs the Stipulation and Order of Settlement Pursuant to 21 U.S.C. § 853(n) (surrendering her interests, on behalf of herself and her minor children, in the Specific Property and consenting to its forfeiture), the Stipulations and Order of Interlocutory Sale of Specific Property, and the separate non-prosecution agreement dated April 30, 2020, then this Office will move to dismiss all charges against Sara Hickman in the Indictment in Crim. No. 19-191 (RBK) without prejudice. If, after entering his plea of guilty, William Hickman moves to withdraw his plea or otherwise violates this agreement, then this Office may refile any and all charges against Sara Hickman and seek other available remedies.

<u>Rights of this Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on William Hickman by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of William Hickman's activities and relevant conduct with respect to this case.

Stipulations

      This Office and William Hickman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or William Hickman from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

      As set forth in Schedule A, this Office and William Hickman waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

      William Hickman understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to

seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against William Hickman. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against William Hickman.

No provision of this agreement shall preclude William Hickman from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that William Hickman received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between William Hickman and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

_____
By:   R. DAVID WALK, JR.
      CHRISTINA O. HUD
      Assistant U.S. Attorneys

APPROVED:

_____
ANDREW C. CAREY
Attorney-in-Charge, Camden

I have received this letter from my attorney, Charles B. McKenna, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charges, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: __6/5/2020__
WILLIAM HICKMAN
Defendant

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____     Date: __6/8/2020__
CHARLES B. McKENNA, ESQ.
Counsel for William Hickman

9

Plea Agreement With William Hickman
Schedule A

1. This Office and William Hickman recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and William Hickman nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. With respect to the offense charged in Count 1 of the Indictment:

   a. The guideline that applies to the charged conduct is U.S.S.G. § 2B1.1, which provides for a base offense level of 7. See U.S.S.G. § 2B1.1(a)(1).

   b. Because this offense involved losses totaling more than $25,000,000 but not more than $65,000,000, this Specific Offense Characteristic results in an increase of 22 levels. See U.S.S.G. § 2B1.1(b)(1)(L).

   c. Because this offense was a Federal health care offense involving a Government health care program and there was a loss of more than $20,000,000 to a Government health care program, this Specific Offense Characteristic results in an increase of 4 levels. See U.S.S.G. § 2B1.1(b)(7).

   d. William Hickman was an organizer or leader of criminal activity that involved five or more participants, which results in an increase of 4 levels. See U.S.S.G. § 3B1.1(a).

4. With respect to the offense charged in Count 28 of the Indictment:

   a. The base offense level for Count 28 is the offense level for Count 1, the underlying offense from which the laundered funds were derived, except that the role in the offense adjustment for the underlying offense is not included. See U.S.S.G. § 2S1.1, application note 2(C).

   b. One level is added because William Hickman will be convicted under 18 U.S.C. § 1956(h) and the penalties for that conviction are the same as the object of the conspiracy, which was a violation of 18 U.S.C. § 1957. See U.S.S.G. § 2S1.1(a)(1), (b)(2)(A).

5. Pursuant to U.S.S.G. § 3D1.2(c), Counts 1 and 2 are grouped in a single group because one of the Counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to Count 2. See U.S.S.G. § 2S1.2, Application Note 6.

6. Pursuant to U.S.S.G. § 3D1.3(a), because Counts 1 and 2 are grouped together pursuant to U.S.S.G. § 3D1.2(c), the offense level applicable to the group is the offense level for the highest offense level of the group.

## ACCEPTANCE OF RESPONSIBILITY

7. As of the date of this letter, William Hickman has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if William Hickman's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, William Hickman has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in William Hickman's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) William Hickman enters a plea pursuant to this agreement, (b) this Office in its discretion determines that William Hickman's acceptance of responsibility has continued through the date of sentencing and William Hickman therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) William Hickman's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to William Hickman is 34 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

11. William Hickman knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal,

any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 34.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 34.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

## **SCHEDULE B**

1. Contents of AXA Advisors LLC account no. ▇▇▇▇▇▇ in the name of William Hickman;

2. Contents of AXA Advisors, LLC account no. ▇▇▇▇▇▇ in the name of Sara Hickman;

3. Contents of Franklin Templeton Investments account no. ▇▇▇▇▇▇ in the name of defendant William Hickman for the benefit of Minor Child 1, a minor child of William Hickman and Sara Hickman;

4. Contents of Franklin Templeton Investments account no. ▇▇▇▇▇▇ in the name of defendant William Hickman for the benefit of Minor Child 2, a minor child of William Hickman and Sara Hickman;

5. Contents of Franklin Templeton Investments account no. ▇▇▇▇▇▇ in the name of defendant William Hickman for the benefit of Minor Child 3, a minor child of William Hickman and Sara Hickman;

6. $30,340.36 formerly on deposit in Fulton Bank of New Jersey account no. ▇▇▇▇▇▇ in the name of Boardwalk Medical LLC;

7. The balance of any retainer paid by or on behalf of William Hickman and/or Sara Hickman to Riker Danzig Scherer Hyland & Perretti LLP or Chiesa Shahinian & Giantomasi PC that is unearned as of the date of sentencing;

8. $77,161.00 in lieu of the forfeiture of 3 Jack Sloan Court, Northfield, Atlantic County, New Jersey, 08225, held in the names of William Hickman and Sara Hickman, Block 40, Lot 18.25, APN 18-00040-0000-00018-25, which shall be paid at least six (6) weeks prior to the date of sentencing;

9. The real property and appurtenances known as 305 Joann Drive, also known as 305 Joann Drive, Egg Harbor Township, Atlantic County, New Jersey, 08234, held in the names of William Hickman, Jr. and Sara Hickman, Block 6407, Lot 4, APN 08-06407-0000-00004;

10. The real property and appurtenances known as 5 East Monroe Avenue, Linwood, Atlantic County, New Jersey, 08221, held in the name of MJP Construction, Block 110, Lot 3.02, APN 14-00110-0000-00003-02;

11. The real property and appurtenances known as 11 West Edgewood Avenue, Linwood, Atlantic County, New Jersey, 08221, held in the name of MJP Construction, Block 73, Lot 21, APN 14-00073-0000-00021;

12. The real property and appurtenances known as 1117-1119 Shore Road, Linwood, Atlantic County, New Jersey, 08221, held in the name of MJP Construction, Block 73, Lot 20, APN 14-00073-0000-00020; and

13. All property traceable to such property listed in Paragraphs 1-12 above.